943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Willis D. BROWN, Defendant-Appellant.
 No. 90-6399.
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Willis D. Brown pled guilty on September 8, 1987, to two drug charges, conspiracy in violation of 21 U.S.C. § 846, and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Mr. Brown was sentenced on November 6, 1987, to a term of six years' imprisonment on each charge, the terms to run concurrently. In addition, the court imposed a term of three years' supervised release.
 
 
 3
 Mr. Brown filed a Motion to Correct Sentence pursuant to Fed.R.Civ.P. 35(a). Mr. Brown claimed that at the time of the violations, in early 1986, the statute under which he was sentenced, 21 U.S.C. § 841(a)(1) did not authorize either supervised release or special parole. The district court rejected Mr. Brown's argument that the term of supervised release should be vacated. The district court did, however, enter an order amending the judgment and commitment order. The district court changed the term "supervised release" to "special parole."
 
 
 4
 Mr. Brown now appeals that order, arguing again that neither supervised release nor special parole is legal under the statute. Mr. Brown also improperly raises several other issues for the first time in this appeal. We do not consider those issues.
 
 
 5
 As we pointed out in United States v. Levario, 877 F.2d 1483, 1487 (10th Cir.1989):
 
 
 6
 The Comprehensive Crime Control Act of 1984 amended section 841(b)(1) of the Controlled Substances Act and created two separate subsections which distinguished narcotics offenders on the basis of the volume of drugs involved. Subsection (b)(1)(A), applicable to large-volume narcotics offenders, did not provide for imposition of a special parole term, while subsections (b)(1)(B) and (b)(1)(C) did.
 
 
 7
 This anomalous statute was in effect at the time Mr. Brown committed the acts to which he pled guilty. The count for which Mr. Brown was sentenced involved only about two ounces of cocaine. Because the amount of drugs involved on that count was small, Mr. Brown fell within the purview of subsection (b)(1)(b), to which, by the terms of that subsection at that time, a special parole term did apply. However, even if Mr. Brown had been sentenced under subsection (b)(1)(A), the Supreme Court has recently held that supervised release applies to persons sentenced under that subsection whose offenses occurred between October 27, 1986, and November 1, 1987. Gozlon-Peretz v. United States, 111 S.Ct. 840, 846-47 (1991) (overturning Levario ). Thus, the court's original sentence of post-confinement supervision was proper. The only question is whether the proper designation of the sentence is "special parole" or "supervised release."
 
 
 8
 Gozlon-Peretz makes clear that Congress intended the supervised release provisions of § 841(b)(1) to become effective on October 27, 1986. Thus, the court's original sentencing order, sentencing Mr. Brown to supervised release, was correct. We thus VACATE the portion of the district court order being appealed here which amends the sentence to impose special parole. The original sentence should stand. We therefore REMAND to the district court with instructions to reinstate the original sentence.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3